IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOE MORGAN, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00986 |
| | ) | |
| VILLAGE OF CAHOKIA, ILLINOIS, | ) | |
| | ) | |
| CURTIS L. MCCALL JR., named in his | ) | |
| individual and official capacities, | ) | COMPLAINT FOR DECLARATORY |
| | ) | JUDGMENT, COMPENSATION, |
| JEFFERY K. RADFORD, SR. named in | ) | EQUITABLE AND OTHER RELIEF |
| His individual and official capacities, | ) | |
| | ) | |
| MELBA SANDERS, named in her | ) | |
| individual and official capacities, | ) | JURY TRIAL DEMANDED |
| | ) | |
| PHYLLIS  PEARSON named in her | ) | |
| individual and official capacities, | ) | |
| | ) | |
| GLORIA LIDDEL WARE, named in her | ) | |
| individual and official capacities, | ) | |
| | ) | |
|    Defendants. | ) | |

## COMPLAINT

1.     The Plaintiff Joe Morgan is an individual who brings this action against Defendants for unlawful deprivation of the Plaintiff's rights and privileges secured by the United States Constitution because Defendants have engaged in unlawful retaliation and discrimination against the Plaintiff.

2.     Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, compensation, damages, benefits, equitable and other relief pursuant to 28 U.S.C. § 1983 *et seq*.

JURISDICTION AND VENUE

3.     The Court's jurisdiction over this action is conferred by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391.

PARTIES

5.     Plaintiff Joe Morgan ("Morgan") is an individual who resides in Cahokia, Illinois. At all times material herein, Plaintiff Morgan is a "person" within the meaning of 42 U.S.C. § 1983.

6.     Defendant Village of Cahokia ("Village") is a public body and an incorporated municipality under the laws of the state of Illinois. At all times material herein, the Village has been a "person" within the meaning of 42 U.S.C. § 1983.

7.     Defendant Curtis L. McCall, Jr. ("McCall") is the mayor of the Defendant Village. At all times relevant to this Complaint, Defendant McCall has been actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Village. Defendant McCall is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Defendant McCall is named in his individual capacity and also in his official capacity. Defendant McCall is personally liable for the violations of law and relief claimed herein.

8.     Defendant Jeffery K. Radford, Sr. ("Radford") is a Trustee on the Board of Trustee of the Village. At all times relevant to this Complaint, Defendant Radford has been actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Village. Defendant Radford is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Defendant Radford is named in his individual capacity and also in

his official capacity. Defendant Radford is personally liable for the violations of law and relief claimed herein.

9.      Defendant Melba Sanders ("Sanders") is a Trustee on the Board of Trustee of the Village. At all times relevant to this Complaint, Defendant Sanders has been actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Village. Defendant Sanders is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Defendant Sanders is named in her individual capacity and also in her official capacity. Defendant Sanders is personally liable for the violations of law and relief claimed herein.

10.      Defendant Phyllis Pearson ("Pearson") is a Trustee on the Board of Trustee of the Village. At all times relevant to this Complaint, Defendant Pearson has been actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Village. Defendant Pearson is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. § 1983. Defendant Pearson is named in her individual capacity and also in her official capacity. Defendant Pearson is personally liable for the violations of law and relief claimed herein.

11.      Defendant Gloria Liddell Ware ("Ware") is a Trustee on the Board of Trustee of the Village. At all times relevant to this Complaint, Defendant Ware has been actively engaged in the management, supervision and control of the operations, activities, affairs, finances, property, personnel, compensation and employment conditions of the Village. Defendant Ware is now, and has been at all times material herein, a "person" within the meaning of 42 U.S.C. §

3

1983. Defendant Ware is named in her individual capacity and also in her official capacity. Defendant Ware is personally liable for the violations of law and relief claimed herein.

## ALLEGATI ONS

### A.  Plaintiff's Employment with the Village

12.     Plaintiff Morgan was hired as a code officer/inspector by the Defendant Village in May 2011.   At the time of his termination, Plaintiff Morgan was an electrical inspector.

13.     In the four (4) years that Plaintiff Morgan worked for the Village, he compiled an excellent employment record.

### B.  Plaintiff's Political Activity in 2011

14.     In 2010, Gary Cornwell ("Mayor Cornwell") announced his candidacy for Mayor of the Village.

15.     Mayor Cornwell is the husband of Dawn Cornwell.

16.     In 2011 Mayor Cornwell ran against Defendant Radford, Brian Moore, Bernadette Wiggins and Virginia Edwards.

17.     In support of Mayor Cornwell, Plaintiff Morgan canvassed from door to door, handed out campaign materials and put up yard signs.

18.     The election was held on or about April 5, 2011. Mayor Cornwell won.

### C.  Plaintiff's Political Activity in 2012

19.     In 2012, Plaintiff Morgan ran for precinct committeeman for the Centerville Township, precinct 2.  Morgan ran against Rich Duncan.

20.     At the same time, Jeanetta Perkins ran against Defendant Radford for precinct committeeman, precinct 26, and Mark McClelland ran against Darryl Bolden for precinct committeeman, precinct 23.

21.     Mark McClelland is the husband of Sandra McClelland.

22.     In support of himself, Jeanetta Perkins and Mark McClelland for precinct committeeman, Plaintiff Morgan canvassed from door to door, handed out campaign materials and put up yard signs.

23.     Plaintiff Morgan also ran for the District 25 St. Clair County Board seat against then-incumbent Defendant Radford.

24.     In March 2012, Plaintiff Morgan won the primary election against Defendant Radford.

25.     After Morgan won the primary, Defendant McCall announced his candidacy (as an independent) for the same District 25 St. Clair County Board seat.  Defendant Radford supported Defendant McCall's decision to run against Plaintiff Morgan.  Defendant Radford stated "McCall is a good, bright young man."   Defendant Radford also called Plaintiff Morgan a "wolf in sheep's clothing" because Morgan (historically a democrat) had voted republican.

26.     On or about November 6, 2012, Defendant McCall beat Morgan in the general election by approximately ten (10) votes.

27.     After Defendant McCall beat Plaintiff Morgan, Curtis McCall, Sr. (Defendant McCall's father) appointed Defendant Radford to Centerville Township trustee, a position that held been held by Defendant McCall.

### D.  Plaintiff's Political Activity in 2013

28.     The Village is divided into six districts with one Trustee representing each district.  The Board of Trustees' terms are for four (4) years.  Every two (2) years the Village elects three (3) Trustees.

29.     In 2013, James Wall ran for Trustee of District 6 against Defendant Phyllis

Pearson.

30.     In support of James Wall (and in opposition to Defendant Pearson), Plaintiff Morgan canvassed from door to door, handed out campaign materials and put up yard signs.

*E.  Plaintiff's Political Activity in 2014*

31.     In 2014, Plaintiff Perkins ran for precinct committeeman for the Centerville Township, precinct 26.  Plaintiff Perkins ran against Defendant Radford again.

32.     Mark McClelland ran for precinct committeeman for the Centerville Township, precinct 23.  Mark McClelland ran against Darryl Bolden again.

33.     Joe Morgan ran for precinct committeeman for the Centerville Township, precinct 2.  Joe Morgan ran against Rich Duncan again but, this time, Morgan won.

34.     In support of himself, Jeanetta Perkins and Mark McClelland for precinct committeeman, Plaintiff Morgan canvassed from door to door, handed out campaign materials and put up yard signs.

*F.  2015 Election*

35.     In April 2015 the Village held an election for:  mayor; clerk; three (3) positions on the Board of Trustees for the Village; four (4) positions on the School District 187 Board of Education ("School Board"), and; four (4) positions on the Commonfields of Cahokia Public Water District ("Commonfields").

36.     Incumbent Mayor Cornwell ran for re-election against Defendant McCall.

37.     Myra Gummersheimer ran against Rich Duncan for Village Clerk.

38.     Valerie White ran against Defendant Sanders for the Trustee position in District 1.

39.     Kathi Carrico ran against Defendant Ware for the Trustee position in District 2.

40.     Mark McClelland ran against Defendant Radford for the Trustee position in District 5.

41.     Mayor Cornwell, Myra Gummersheimer, Valerie White, Kathi Carrico and Mark McClelland ran on the same ticket.  They called themselves the "Pride in Cahokia Party."

42.     Defendant McCall, Defendant Sanders, Defendant Ware, Defendant Radford and Rich Duncan ran on the same ticket.  They called themselves the McCall Team.

43.     The School District 187 is the school district serving students in and near the Village of Cahokia. The School District 187 Board of Education ("School Board") is composed of seven (7) members.  In 2015, there were four (4) School Board Member positions available. The four (4) candidates who received the most votes would be elected to the School Board.

44.     Jeanetta Perkins, Craig Greer, Rhonda Nichols and Cristiana Walker ran on the same ticket for School Board in 2015.

45.     Jeanetta Perkins, Craig Greer, Rhonda Nichols and Cristiana Walker supported and were supported by the "Pride in Cahokia Party."

46.     Drake Jackson, Kimberly Combs, Peggy Shelton and Chris Belt ran on the same ticket for School Board in 2015.

47.     Drake Jackson, Kimberly Combs, Peggy Shelton and Chris Belt supported and were supported by the McCall Team.

48.     Commonfields provides water and sewer services to the citizens and businesses in the Village.  In 2015, there were four (4) Trustee positions available.  Thus, the four (4) candidates who received the most votes would be elected to the Commonfields Board of Trustees.

49.     Plaintiff Morgan, Sandra McClelland, Terry Gischer and Rory Morgan ran on

the same ticket for Commonfields Board of Trustees in 2015.

50.     Plaintiff Morgan, Sandra McClelland, Terry Gischer and Rory Morgan supported and were supported by the "Pride in Cahokia Party."

51.     Darrell I. Bolden, Curtis L. McCall (Sr.), Michelle Smith and Charles Rattler ran on the same ticket for Commonfields Board of Trustees in 2015.

52.     Darrell I. Bolden, Curtis L. McCall (Sr.), Michelle Smith and Charles Rattler supported and were supported by the McCall Team.

### G.   Plaintiff's Political Activity in 2015

53.     Aside from running for Commonfields Board of Trustees (against the candidates supported by McCall Team), Plaintiff Morgan supported candidates who were directly opposed to Defendants McCall, Sanders, Ware and Radford.

54.     Plaintiff Morgan's opposition to McCall Team included repeatedly canvassing from door to door, handing out campaign materials, putting up yard signs, attending fundraisers and publically speaking out against the candidacies of Defendants McCall, Sanders, Ware and Radford.

### H.   2015 Election Results

55.     The election was held on April 7, 2015.  The election results were as follows:

   a.     Defendant McCall defeated Mayor Cornwell in the mayoral race.

   b.     Rich Duncan defeated Myra Gummersheimer for Village Clerk.

   c.     Defendant Sanders defeated Valerie White in the race for the District 1 Trustee.

   d.     Defendant Ware defeated Kathi Carrico in the race for the District 2 Trustee.

e.     Defendant Radford defeated Mark McClelland in the race for the District 5 Trustee.

f.     Drake Jackson, Kimberly Combs, Peggy Shelton and Chris Belt defeated Jeanetta Perkins, Craig Greer, Rhonda Nichols and Cristiana Walker in the race for the School Board.

g.     Darrell I. Bolden, Curtis L. McCall (Sr.), Michelle Smith and Charles Rattler defeated Plaintiff Morgan, Sandra McClelland, Terry Gischer and Rory Morgan in the race for Commonfields Board of Trustees.

56.     Defendant McCall described the 2015 election as "a hard-fought, six-month campaign to the mayor's office."

*I.   Plaintiff Receives Notice of Administrative Leave*

57.     On or about May 6, 2015, Trevon Tompkins informed several people that Plaintiff Morgan was going to be fired.

58.     Trevon Tompkins was an active participant of the "McCall Team" which helped get Defendant McCall elected to the mayor's office.  After Defendant McCall was elected, Defendant McCall hired Tompkins to work for the Village.

59.     On or about May 15, 2015, Mr. Wes Woffard also informed several people that Plaintiff Morgan was going to be fired.

60.     On June 19, 2015, Al Carter (Plaintiff Morgan's supervisor) informed Plaintiff Morgan that Defendant McCall was terminating Morgan's employment.  Al Carter instructed Plaintiff Morgan to return to the confine to meet a Village police officer.  Plaintiff Morgan did as he was ordered and met Officer Rich Hill, who delivered a letter notifying Plaintiff Morgan that he was on administrative leave until further notice.  Plaintiff Morgan was instructed to clear out

his belongings and leave the Village's property.  Plaintiff Morgan complied.

### J. Defendants Pass Administrative Ordinances

61.     On Tuesday, June 23, 2015, Defendant McCall and the Board of Trustees had a regularly scheduled board meeting. The meeting was held at 7 pm at Cahokia Village Hall at 103 Main Street, Cahokia, Illinois 62206.

62.     At the meeting Defendant McCall presented Ordinance No. 15-1299 titled "An Ordinance Terminating the Employment of Personnel."

63.     Ordinance No. 15-1299 terminated the employment of Jeanetta Perkins, Craig Greer, Rhonda Nichols and Cristiana Walker. These individuals ran on the same ticket for the School Board and against the candidates supported by McCall Team.

64.     Ordinance No. 15-1299 terminated the employment of Plaintiff Morgan and Sandra McClelland.   These individuals ran on the same ticket for the Commonfields Board of Trustees and against the candidates supported by McCall Team.

65.     Terry Gischer and Rory Morgan ran on the same ticket as Plaintiff Morgan and Sandra McClelland.  However, because Terry Gischer was not a Village employee, he could not be terminated.  While Rory Morgan was a Village employee, he is only one of two Village employees with the training and certifications to perform his job at the water/sewer department; thus, he could not be fired. The other employee (who has the required training and certification) is retiring by September 30, 2015.

66.     Other than terminating the employment of Plaintiff Morgan, no policy was set, no rules were enacted, and nothing from the decision impacted the public.

67.     Defendant McCall also presented Ordinance No. 15-1300 titled "An Ordinance to Transfer Personnel."

68.     Ordinance No. 15-1300 transferred Jeanetta Perkins and Dawn Cornwell to different jobs.

69.     The Board of Trustees received their meeting packet with Ordinance No. 15-1299 and Ordinance No. 15-1300 on or about June 21, 2015.

70.     Defendant McCall did not permit questions from citizens prior to the vote.

71.     Defendant McCall did not publically discuss Ordinance No. 15-1299 and Ordinance No. 15-1300 with the Board of Trustees.  In other words, there was no public debate about the policy or reasons behind Ordinance No. 15-1299 and Ordinance No. 15-1300.

72.     Defendants Sanders, Ware, Radford and Pearson voted in favor of both Ordinances. The remaining Trustees (Jerry Nichols and Joe Weatherford) voted against the Ordinances.

73.     Defendant McCall exercised an administrative duty by proposing Ordinance No. 15-1299 and Ordinance No. 15-1300.

74.     Defendants Sanders, Ware, Radford and Pearson exercised an administrative duty by voting in favor of Ordinance No. 15-1299 and Ordinance No. 15-1300.

## COUNT I

75.     Plaintiff Morgan adopts and incorporates by reference herein, paragraphs 1 through and including 74 of this Complaint.

76.     Public endorsement of a candidate for public office and political campaigning and management are protected by the First Amendment.  The First Amendment forbids government officials from taking adverse employment actions against public employees solely for not being supporters of the political party in power.

77.     Prior to the election of Defendants McCall, Sanders, Ware, Radford and

Pearson,, Plaintiff Morgan worked against them and for their opponents in the election.

78.     At times material herein, Plaintiff Morgan has spoken out as a citizen on matters of public concern, including, but not limited to endorsement or opposition of numerous candidates (including Defendants McCall, Sanders, Ware, Radford and Pearson). The right of the Plaintiff Morgan to speak out freely on these and other matters of public concern, and to engage in political activities, is protected by the First Amendment and the Fourteenth Amendment of the United States Constitution. The public has a vital interest in free and open discussion on issues of public importance.

79.     Defendants McCall, Sanders, Ware, Radford and Pearson were aware that Plaintiff Morgan had spoken out on such matters of public concern and they individually, separately and/or jointly, engaged in actions, omissions and decisions, aimed at denying Plaintiff Morgan's rights and protections granted to him under law. These actions, omissions and decisions of the Defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, Plaintiff Morgan to lose wages, compensation, entitlements and rights. In addition, these actions, omissions and decisions of the Defendants, individually, separately and/or jointly, were designed to cause, have caused, and will continue to cause, Plaintiff Morgan to suffer humiliation and harm to his reputation, emotional and mental injury, pain and suffering, financial and other adverse consequences, for which Plaintiff seeks full damages and make whole relief.

80.     Defendants McCall, Sanders, Ware, Radford and Pearson have adopted, applied and enforced policies, directives, decisions, procedures and practices which have imposed unconstitutional restraints on the free speech rights of Plaintiff Morgan and other Village employees. Such policies, directives, decisions and procedures, both facially and as applied, have

prevented, prohibited, and restricted Village employees from participating in free speech and/or political activities.

81.     The Defendants' policies, directives, decisions, and procedures, both on their face and as applied, have chilled and deterred Plaintiff Morgan, and other Village employees similarly situated, from exercising the constitutional right of free speech.

82.     Such actions, omissions and decisions of Defendants McCall, Sanders, Ware, Radford and Pearson, individually, separately and/or jointly were taken in response to, and in retaliation for, Plaintiff Morgan's exercise of his constitutional and lawful rights to speak out about matters of public concern, in violation of the Plaintiff Morgan's rights safeguarded under the First and Fourteenth Amendments to the United States Constitution.

83.     With knowledge of and in retaliation for the above actions of Plaintiff Morgan, Defendants by and through their policymaking authority of the board consisting of Defendants McCall, Sanders, Ware, Radford and Pearson terminated the Plaintiff from his position on June 23, 2015.  The grounds and reasons offered by Defendants for their adverse actions, omissions and decisions against Plaintiff Morgan were false and pretextual.

84.     Such actions, omissions and decisions on the part of Defendants McCall, Sanders, Ware, Radford and Pearson, individually, separately and/or jointly were taken under the color of law, and such actions, omissions and decisions have deprived Plaintiff Morgan of his rights, privileges and immunities secured by the U.S. Constitution and laws in violation of 42 U.S.C. §1983, and for which liability and redress exist under 42 U.S.C. §1983.

85.     Such unlawful actions, omissions and decisions, as alleged herein, make the Defendant Village fully liable to the Plaintiff under 42 U.S.C. §1983 based on the authority and actual decisions of Defendant Village and other Defendants. In addition, such unlawful actions,

omissions and decisions, as alleged herein, were based on the policymaking and final decision-making authority of the Defendant Village, and were based on the policy, custom and practice of the Village.

86.     Such unlawful actions, omissions and decisions of Defendants McCall, Sanders, Ware, Radford and Pearson, individually, separately and/or jointly, alleged herein, were done in a knowing, willful, reckless, and bad faith manner, and violate clearly established constitutional and statutory provisions and rights of which a reasonable person would have known.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff pray that this Court grant relief against each of the Defendants, individually, separately, and/or jointly, as follows:

(a)     Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their constitutional, statutory, and legal obligations, and deprived the Plaintiff of his rights, privileges, protections, compensation and entitlements under law, as alleged herein;

(b)     Enter a permanent injunction enjoining Defendants from continuing to adopt, apply and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain and restrict the Plaintiff from exercising his constitutional rights;

(c)     Order Defendants to rescind the termination of Plaintiff and to immediately reinstate him to his position with the Village;

(d)     Enter a permanent injunction restraining and preventing the Defendants from continuing to discriminate and retaliate against the Plaintiff, from continuing to interfere with and infringe upon the rights of the Plaintiff, and from otherwise violating their obligations under the U.S. Constitution and the law;

(e)      Order a complete and accurate accounting of all the compensation and relief to which the Plaintiff are entitled;

(f)      Award the Plaintiff monetary damages in the form of back pay, compensation, benefits, unpaid entitlements, plus pre-judgment and post- judgment interest;

(g)      Award the Plaintiff substantial compensatory damages payable by the Defendants, and substantial punitive damages payable by the individual Defendants, for the violations of Plaintiff's rights and the harm to their reputations, humiliation, emotional and mental anguish, and for other financial and consequential harm and injuries they have suffered;

(h)      Award the Plaintiff his reasonable attorneys' fees and the costs and disbursements of this action; and

(i)      Grant such other legal and equitable relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff respectfully request a trial by jury on all claims presented in this Complaint.

Date:  September 3, 2015

Respectfully submitted,

THE LAW OFFICE OF SARAH N. SWATOSH


_____*Sarah Swatosh*_____
Sarah Swatosh
3407 S Jefferson Ave, Suite 208
St. Louis, MO 63118
Tel:  314-282-5634
swatosh@protectingemployeerights.com
www.protectingemployeerights.com

Counsel for Plaintiff Joe Morgan